COHEN v. MORRIS EUROPEAN & AMERICAN EXPRESS CO., Limited.

(Supreme Court, Appellate Term.   November 28, 1911.)

1. CARRIERS (§ 158*)—LIMITING LIABILITY—RECEIPT.

Plaintiff, having furs stored in Italy, arranged with defendant express company in New York to carry them to the latter place, and gave it his storage receipt, receiving in exchange a receipt reciting that defendant had received storage receipt for furs stored in Italy, to be brought to New York, and providing it should not be liable in any event for more than $50, unless a greater value is declared.   Held, that the defendant's receipt was not merely for the storage receipt, but was an agreement limiting its liability for carriage of the goods, in the absence of a declaration of a greater value thereof than $50.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 663–718; Dec. Dig. § 158.*]

2. CARRIERS (§ 158*)—LIMITING LIABILITY—DECLARATION OF VALUE.

A greater value is declared, so as to render inoperative the provision in a contract for carriage of furs, limiting the carrier's liability to $50 in the absence of a declaration of a greater value, where the furs are in storage, and there is delivered to the carrier, with which to get the furs, a storage receipt, declaring their value to be $1,500; anything apprising the carrier of such excess value being enough.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 663–718; Dec. Dig. § 158.*]

Appeal from City Court of New York, Trial Term.

Action by Solomon L. Cohen against the Morris European & American Express Company, Limited.   From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals.   Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Guthrie, Bangs & Van Sinderen (Edward V. Conwell, of counsel), for appellant.

Charles E. Le Barbier, for respondent.

GUY, J.   The complaint alleges that the plaintiff and defendant entered into an agreement whereby the defendant agreed to deliver to the plaintiff seven pieces of fur apparel stored with Ille Pozzi, Milan, Italy, to be brought to New York, and that he agreed to pay the defendant its fair and reasonable charges therefor.   The plaintiff called at the defendant's place of business, and gave directions concerning the proposed shipment, and delivered to the defendant a storage receipt, and defendant gave a receipt in return, which recited that the defendant had—

"Received from S. I. Cohen, 60 West 10th Street storage receipt for seven pieces of fur apparel stored with Ille Pozzi, Milan, Italy, to be brought to New York."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The receipt given by defendant to plaintiff contained a clause providing that the carrier should not be liable in any event for a sum exceeding $50 unless a greater value is declared.

[1, 2] The plaintiff-respondent contends that the defendant's receipt was merely a receipt for the storage receipt and not for the goods, and therefore it carried the goods without any agreement having been made as to the extent of its liability. This is not the fair or natural construction to be placed upon the agreement. It was never intended that the defendant should transport the storage receipt. The evident intent, as appears by the receipt given by defendant, was that the defendant should get the goods upon the presentation of the storage warehouse receipt at Milan, and then transport them to New York. The clause in the receipt providing that the defendant should not be liable in excess of $50 unless a greater valuation were declared by the shipper is part of the contract between plaintiff and defendant, but it is inoperative because of the fact that the storage warehouse receipt delivered by plaintiff to defendant at the time of the making of the contract between plaintiff and defendant, and referred to in said contract, declares the value of the furs to be 7,500 lire, or about $1,500, an amount in excess of the amount of the judgment herein. It is not necessary that the declaration of value should be in any particular form. An oral declaration would be sufficient. All that is required is that the shipper should apprise the carrier of the valuation in excess of $50 placed by the shipper on the goods, so that the carrier may, if it desires, charge a higher rate for the transportation thereof. An increased valuation having been declared by the shipper to an amount in excess of the amount of plaintiff's recovery, and plaintiff having established the receipt of the goods by defendant and the failure of defendant to perform its contract, the judgment should be affirmed, with costs of appeal to the respondent.

Judgment and order affirmed, with costs to respondent. All concur.